UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
RANDOLPH GOODMAN,     :   Index No. 18cv_____
                     :
         Plaintiff,   :   **COMPLAINT**
                     :
- against -          :
                     :
STEPHEN C. CURLEY and ANN H. CURLEY,   :
                     :
         Defendants.   :
------------------------------------------------------------------ X

Plaintiff Randolph Goodman ("Plaintiff"), by and through his attorneys, Rosenberg & Estis, P.C., as and for his Complaint, alleges as follows:

### SUBJECT MATTER JURISDICTION

1. The Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §1332(a)(1) as the amount in controversy exceeds $75,000.00, Plaintiff is a citizen of Maryland, and upon information and belief, Defendants are citizens of Florida, thus true diversity exists between the parties.

### VENUE

2. Venue is proper under 28 U.S.C §1391(b)(2) as a substantial part of the events and/or omissions giving rise to the claim occurred in the Southern District of New York.

### NATURE OF ACTION

3. This matter is brought under New York State law for breach of contract, declaratory judgment, and attorneys' fees pursuant to a contemplated transaction for the transfer of shares and proprietary lease for a cooperative apartment unit located in the City, County, and State of New York.

- 2 -

4. The Plaintiff has chosen to file in the United States District Court, Southern District of New York due to the fact the Court has diversity jurisdiction over the claims raised herein.

## THE PARTIES

5. Plaintiff is and was at all times relevant herein, a citizen of Maryland with an address at 424 East 52nd Street, Apartment 7A, New York, New York 10022.

6. Upon information and belief, defendant Stephen C. Curley is and was at all times relevant herein, an individual residing at 1840 Breakers Point Way, West Palm Beach, Florida 33411.

7. Upon information and belief, defendant Ann H. Curley is and was at all times relevant herein, an individual residing at 1840 Breakers Point Way, West Palm Beach, Florida 33411.

8. Upon information and belief, Stephen C. Curley and Ann H. Curley own 312 shares of stock (the "Shares") in the cooperative apartment building known as and located at 30 Beekman Place, New York, New York 10022 (the "Building"). Stephen C. Curley and Ann H. Curley shall collectively be referred to herein as the "Defendants."

9. Upon information and belief, the Defendants possess a proprietary lease for Apartment 8C (the "Cooperative Unit").within the Building.

10. Upon information and belief, non-party 30 Beekman Place Corp. (the "Corporation") is, and was at all times relevant herein, a New York corporation, with its principal office located at c/o Douglass Elliman Management, 675 Third Avenue, New York, New York 10017.

11. Non-party Patricia L. Doran, Esq. ("Doran"): (1) served as counsel for Defendants in connection with the sale of the Cooperative Unit to Plaintiff; and (2) is the escrow

- 2 -

agent ("Escrow Agent") of the deposit provided by Plaintiff in connection with the contract of sale.

## FACTUAL BACKGROUND

12. A contract of sale for the Cooperative Unit was entered into between Plaintiff and Defendants on November 3, 2017 (the "Contract").

13. Pursuant to the Contract, Defendants agreed to sell to Plaintiff the Shares, which would entitle Plaintiff to a proprietary lease for the Cooperative Unit.

14. Pursuant to paragraph 1.16 of the Contract, the agreed upon purchase price of the Cooperative Unit was $850,000.00.

15. In accordance with paragraph 1.16.1 of the Contract, Plaintiff put down a deposit in the amount of $85,000.00 (the "Deposit").

16. The Deposit was in the form a check, made payable to Doran, as Escrow Agent, and mailed to Doran on or about October 31, 2017.

17. Upon information and belief, the Deposit was deposited into Doran's attorney escrow account at Capital One Bank located at 1085 Northern Boulevard, Roslyn, New York, pursuant to paragraph 1.23 of the Contract.

18. The balance of the purchase price of the Cooperative Unit was to be due at the time of closing, which was scheduled to take place on or about December 8, 2018 (the "Closing") pursuant to paragraph 1.15 of the Contract.

19. Paragraph 6 of the Contract sets forth that the sale of the Cooperative Unit "is subject to the unconditional consent" of the Corporation.

20. The Contract provided a deadline for the Corporation to issue a decision with regard to its approval of the sale of the Shares to Plaintiff ("Board Approval"), stating, in pertinent part:

> 6.3. …If the Corporation has not made a decision on or before the [Scheduled Closing Date], the Closing shall be adjourned for 30 business days for the purpose of obtaining such consent. If such consent is not given by such adjourned date, either Party may cancel this Contract by Notice, provided that the Corporation's consent is not issued before such Notice of cancellation is given…In the event of a cancellation pursuant to this ¶ 6.3, the Escrowee shall refund the Contract Deposit to Purchaser.

21. Pursuant to the Contract, January 19, 2018, was the last date whereby the Corporation was able to issue Board Approval (the "Deadline").

22. The Corporation failed to issue Board Approval on or before the Closing Date and also failed to issue Board Approval on or before the Deadline, in accordance with paragraph 6.3 of the Contract.

23. In fact, to date (more than four (4) months after the Deadline) the Board has yet to issue Board Approval.

24. Accordingly, on January 25, 2018, Plaintiff's prior counsel sent notice to Doran ("Plaintiff's First Notice of Cancellation") and to the Defendants pursuant to paragraph 6.3, electing to cancel the Contract and requesting a refund of the Deposit.

25. On January 29, 2018, on behalf of the Defendants, Doran objected to Plaintiff's First Notice of Cancellation, stating that Defendants would be retaining the Deposit.

26. On January 30, 2018, Plaintiff's prior counsel issued a second notice to Doran ("Plaintiff's Second Notice of Cancellation") demanding a return of the Deposit and stating that Doran is not authorized to release the Deposit to Defendants.

27. On February 8, 2018, Doran issued a further rebuff to Plaintiff's Second Notice of Cancellation.

28. Upon being retained by Plaintiff and in effort to resolve this dispute without the need for unnecessary litigation, the undersigned wrote to Doran on April 20, 2018, advising that the Closing was four months overdue and demanding that Doran return the Deposit by a date certain.

29. Most recently, on May 3, 2018, Defendants, by way of new counsel, rejected Plaintiff's demand and advised that Doran, as Escrow Agent, "has been instructed by [Defendants] to retain [the Deposit] in escrow pending the resolution or adjudication of this dispute."

30. To date, the Defendants and/or Doran has not returned the Deposit to Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Breach of Contract under New York State Law)**

31. Plaintiff repeats and realleges all of the allegations set forth above as if fully incorporated herein.

32. Pursuant to the Contract, Plaintiff's purchase of the Cooperative Unit was expressly conditioned upon the approval of the proposed transaction by the Corporation.

33. The Corporation has failed to issue a decision by the contractually agreed upon Deadline.

34. Plaintiff properly cancelled the sale of the Cooperative Unit pursuant to paragraph 6.3 of the Contract by giving Defendants proper notice on January 25, 2018.

35. Pursuant to paragraph 6.3 of the Contract, Defendants are contractually obligated to refund the Deposit to Plaintiff.

36. Defendants, in bad-faith and contrary to the contractual obligations, have refused to return the Deposit in breach of the Contract.

37. Pursuant to the terms of the Contract, Defendants are liable to Plaintiff for, *inter alia*, the full and prompt payment of the Deposit.

38. Plaintiff has performed all of his obligations under the Contract.

39. By reason of the foregoing, Plaintiff has suffered damages, in an amount not less than $85,000.00, plus interest, costs and attorneys' fees, the full amount of which shall be established at trial.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Declaratory Judgment under New York State Law)**

40. Plaintiff repeats and realleges all of the allegations set forth above as if fully incorporated herein.

41. On January 25, 2018, Plaintiff properly cancelled the sale of the Cooperative Unit pursuant to paragraph 6.3 of the Contract.

42. Defendants and Escrow Agent have failed to return the Deposit in bad faith and in breach of the Contract.

43. A justiciable controversy exists between the parties.

44. By reason of the foregoing, Plaintiff is entitled to a declaration that: (i) the Contract was properly cancelled by Plaintiff; (ii) the Contract is deemed null and void; (iii) Plaintiff is entitled to a full return of the Deposit; and (iv) Defendants shall immediately authorize and direct Doran to return the Deposit to Plaintiff.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Costs & Attorneys' Fees under New York State Law)**

45. Plaintiff repeats and realleges all of the allegations set forth above as if fully incorporated herein.

46. Paragraph 13.3 of the Contract of Sale provides, in relevant part, that:

RE\33602\0001\2424195v3

> …each Party indemnifies and holds harmless the other against and from any claim, judgment, loss, liability, cost or expense resulting from the indemnitor's breach of any of its representations or covenants stated to survive Closing, cancellation or termination of this Contract…Each indemnity includes, without limitation, reasonable attorneys' fees and disbursements, court costs and litigation expenses arising from the defense of any claim and enforcement or collection of a judgment under this indemnitee…

47. Plaintiff has incurred (and will continue to incur) costs, legal fees, and disbursements in connection with Defendants' failure to comply with the Contract.

48. As a result, Plaintiff has been damaged and is entitled to a judgment in an amount to be determined by the Court after a hearing or upon the submission of affidavits, but believed to exceed $15,000.00.

**WHEREFORE**, Plaintiff demands judgment herein as follows:

a. On his First Cause of Action, awarding money damages in favor of Plaintiff and against Defendants, in an amount not less than $85,000.00, plus interest, costs and attorneys' fees, the full amount of which shall be established at trial; and

b. On his Second Cause of Action, a declaration that: (i) the Contract was properly cancelled by Plaintiff; (ii) the Contract is deemed null and void; (iii) Plaintiff is entitled to a full return of the Deposit; and (iv) Defendants shall immediately authorize the return of the Deposit to Plaintiff.;

c. On his Third Cause of Action, awarding attorneys' fees, costs and disbursements in favor of Plaintiff and against Defendants, in an amount believed to exceed $15,000.00; and

d. Granting such other and further relief as the Court deems just and proper.

**[SIGNATURE PAGE TO FOLLOW]**

RE\33602\0001\2424195v3

- 8 -

Dated: New York, New York  ROSENBERG & ESTIS, P.C.
       May 21, 2018  *Attorneys for Plaintiff*

By: *Michael T Carr*
      Michael T. Carr
733 Third Avenue
New York, New York 10017
(212) 867-6000
mcarr@rosenbergestis.com

TO:

Stephen C. Curley and Ann H. Curley
1840 Breakers Point Way
West Palm Beach, Florida 33411

Stephen C. Curley and Ann H. Curley
30 Beekman Place, Apartment 8C
New York, New York 10022

Alonso, Andalkar & Facher, P.C.
42 Broadway, 18th Floor
New York, New York 10004

CC:

30 Beekman Place Corp.
c/o Douglas Elliman Property Management
c/o Compliance Dept.
675 Third Avenue
New York, New York 10017